The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DON'T CAGE OUR OCEANS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>  Defendants. | Case No. 2:22-CV-01627-KKE<br><br>DEFENDANTS' MOTION TO LIMIT REVIEW TO THE ADMINISTRATIVE RECORD<br><br>NOTE ON MOTION CALENDAR: OCTOBER 13, 2023 |

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

# TABLE OF CONTENTS

**PAGE**

**STATUTORY BACKGROUND** ................................................................................................ 1

   1.  <u>The Rivers and Harbors Act</u> ................................................................................. 1

   2.  <u>Endangered Species Act</u> ........................................................................................ 1

**FACTUAL AND PROCEDURAL BACKGROUND** ................................................................ 2

**ARGUMENT** .............................................................................................................................. 3

   A.  Plaintiffs' Claims Are Subject to the Scope and Standard of Review of the APA ....... 3

   B.  The APA's Scope of Review Applies. .............................................................................. 7

   C.  Karuk Tribe Is the Law of this Circuit, Consistent with Supreme Court Authority and More than Three Decades of Ninth Circuit Authority ............................................. 9

   D.  The Court Should Not Exercise its Discretion to Supplement Here. ......................... 12

**CONCLUSION** ......................................................................................................................... 13

Defendants' Motion to Limit Review  
to the Administrative Record  
Case No. 2:22-CV-01627-KKE  

United States Department of Justice  
P.O. Box 7611, Washington D.C. 20044  
(202) 598-6925

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife, Serv.*, 273 F.3d 1229 (9th Cir. 2001) .................................................................................. 6

*Bennett v. Spear*, 520 U.S. 154 (1997) ............................................................................................................... 4

*Mont. v. Bernhardt*, 443 F. Supp. 3d 1185 (D. Mont. 2020) ........................................................................... 8

*Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*, 685 F.2d 678 (D.C. Cir. 1982) ............................................................................................ 4

*Camp v. Pitts*, 411 U.S. 138 (1973) ........................................................................................................ 7, 9, 11

*Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402 (1971) ........................................................................................................... 7, 9

*City of Sausalito v. O'Neill*, 386 F.3d 1186 (9th Cir. 2004) ............................................................................................. 5

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) ............................................................................................................... 9

*Friends of the Clearwater v. Dombeck*, 222 F.3d 552 (9th Cir. 2000) ............................................................................................. 7

*Friends of the Payette v. Horseshoe Bend Hydroelec. Co.*, 988 F.2d 989 (9th Cir. 1993) .......................................................................................... 11

*Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008 (9th Cir. 2012) ............................................................................................. 5

*Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082 (9th Cir. 2004) ............................................................................................. 5

*In re Osborne*, 76 F.3d 306 (9th Cir. 1996) ............................................................................................... 9

ii

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

*Karuk Tribe of California v. United States Forest Service*,
    681 F.3d 1006 (9th Cir. 2012) .................................................................................. 6, 9, 12

*Lands Council v. Powell*,
    395 F.3d 1019 (9th Cir. 2005) .................................................................................. 3, 6, 12

*Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*,
    966 F.3d 893 (9th Cir. 2020) ......................................................................................... 11, 12

*Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*,
    384 F.3d 1163 (9th Cir. 2004) ............................................................................................. 8

*Occidental Eng'r Co. v. INS*,
    753 F.2d 766 (9th Cir. 1985) ............................................................................................... 4

*Pac. Rivers Council v. Shepard*,
    No. 03:11-CV-442-HU, 2012 WL 950032 (D. Or. Mar. 20, 2012) ........................................ 8

*Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*,
    898 F.2d 1410 (9th Cir. 1990) ............................................................................................. 6

*Rio Grande Silvery Minnow v. U.S. Bureau of Reclamation*,
    601 F.3d 1096 (10th Cir. 2010) ........................................................................................... 5

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    747 F.3d 581 (9th Cir. 2014) ..................................................................................... 5, 7, 8

*San Luis & Delta-Mendota Water Auth. v. Locke*,
    776 F.3d 971 (9th Cir. 2014) ..................................................................................... 4, 5, 7

*Sierra Club v. Marsh*,
    816 F.2d 1376 (9th Cir. 1987) ............................................................................................. 6

*Sierra Club v. McLerran*,
    No. C11-1759RSL, 2012 WL 5449681 (W.D. Wash. Nov. 6, 2012) .................................. 12

*Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*,
    100 F.3d 1443 (9th Cir. 1996) ........................................................................................... 11

*Turtle Island Restoration Network v. NMFS*,
    340 F.3d 969 (9th Cir. 2003) ............................................................................................... 6

*United States v. Carlo Bianchi & Co.*,
    373 U.S. 709 (1963) ............................................................................................................ 5

iii

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

*Vermont Yankee Nuclear Power Corp. v. Natural Resources Def. Council*,
  435 U.S. 519 (1978) .................................................................................................... 7

*Vill. of False Pass v. Clark*,
  733 F.2d 605 (9th Cir. 1984) ................................................................................. 6, 11

*Washington Toxics Coalition v. EPA*,
  413 F.3d 1024 (9th Cir. 2005) ............................................................................... 9, 10

*Western Watersheds Project v. Kraayenbrink*,
  632 F.3d 472 (9th Cir. 2011) ............................................................................ 9, 10, 11

*Westlands Water Dist. v. U.S. Dep't of Interior*,
  376 F.3d 853 (9th Cir. 2004) ...................................................................................... 5

**STATUTES**

16 U.S.C. § 1536(a)(2) ..................................................................................................... 1
16 U.S.C. § 1540(g)(1)(A) ................................................................................................ 4
33 U.S.C. § 403 ............................................................................................................ 1, 2
5 U.S.C. § 704 ................................................................................................................ 10
5 U.S.C. § 706 ...................................................................................................... 7, 8, 11
5 U.S.C. § 706(2)(A) ................................................................................................... 4, 5

**REGULATIONS**

50 C.F.R. §§ 402.13 ......................................................................................................... 2

**OTHER AUTHORITIES**

85 Fed. Reg. 57298 (Sept. 15, 2020) ............................................................................... 2
86 Fed. Reg. 2744 ............................................................................................................ 2

iv

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

This case involves review of Defendants United States Army Corps of Engineers' ("Corps") and Scott A. Spellmon's, in his official capacity as Chief of Engineers and Commanding General of the Corps (collectively, "Federal Defendants'"), compliance with several laws in the most-recent implementation of the Corps' Nationwide Permit Program. Because review of such an action is limited to the administrative record, Federal Defendants hereby move the Court to limit review to the administrative record.

## STATUTORY BACKGROUND

1. <u>The Rivers and Harbors Act</u>

Section 10 of the Rivers and Harbors Act of 1899 prohibits structures or work in or affecting navigable waters, unless authorized by the Corps. 33 U.S.C. § 403. The Corps authorizes such structures and work through individual and general permits. The Corps may issue "Nationwide Permits" ("NWP"), a type of general permit, for certain specified activities. *Id*. §§ 325.5(c)(2); 330.1(b). Under a NWP, "[i]f certain conditions are met, the specified activities can take place without the need for an individual or regional permit." *Id*. § 325.5(c)(2).

2. <u>Endangered Species Act</u>

Section 7(a)(2) of the Endangered Species Act ("ESA") requires each federal agency, "in consultation with" the Services (either the National Marine Fisheries Service ("NMFS") or the Fish and Wildlife Service), to "insure that any action authorized, funded, or carried out" by the agency "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification" of designated critical habitat. 16 U.S.C. § 1536(a)(2). If the so-called "action agency" determines that its action "may

1

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

affect" endangered or threatened species (listed species), it must pursue either informal or formal consultation with the appropriate Service. 50 C.F.R. §§ 402.13, 402.14(b)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

The Corps issued nationwide permit 56 ("NWP 56") to authorize specified activities pursuant to Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. 403.  86 Fed. Reg. 2744, 2744 (Jan. 13, 2021).  NWP 56 authorizes structures and work in navigable waters of the United States, including federal waters over the outer continental shelf, for finfish mariculture activities.  *Id*. at 2807.  NWP 56 was issued after an extensive administrative review process, including notice and comment rulemaking.  *Id*.  During notice and comment rulemaking, any interested party had a right to submit information to the Corps for consideration.  85 Fed. Reg. 57298 (Sept. 15, 2020).  The Corps considered all information it received and that information became part of the Corps' administrative record for NWP 56.  *See* 86 Fed. Reg. at 2807 (responding to comments received on NWP 56).

Plaintiffs Don't Cage Our Oceans, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Quinault Indian Nation, Los Angeles Waterkeeper, San Diego Coastkeeper, Santa Barbara Channelkeeper, Wild Fish Conservancy, Recirculating Farms Coalition, Center for Food Safety, and Food & Water Watch (collectively, "Plaintiffs") filed this suit challenging NWP 56.  ECF No. 14. Plaintiffs' complaint alleges several statutory violations, including one claim alleging failure to consult under the ESA.  *Id*. at 79-91.  Federal Defendants filed the administrative record for NWP 56 on May 1, 2023.  ECF No. 28.  Under the terms of the Court's scheduling order, by June 9, 2023, Plaintiffs were to "identify any documents, beyond those in the Corps' certified administrative record for NWP 56, that they propose should be considered as part of the adjudication of the ESA claim."  ECF No. 30 at 2.  Pursuant to the

2

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

1  Court's scheduling order, the parties conferred regarding the contents of the administrative
2  record, which resulted in the Federal Defendants filed a revised index to the administrative
3  record on August 4, 2023.  ECF No. 33.
4      After filing the revised index, Plaintiffs informed the Federal Defendants that they would
5  move for judicial notice of three documents (two aquaculture atlases prepared by NMFS and a
6  2014 biological opinion prepared by NMFS).  Declaration of Maggie Baker Smith ("Smith
7  Decl.") Ex. 1.  The Plaintiffs confirmed that they would not be seeking to introduce any other
8  extra-record materials in the litigation.  *Id.*  The parties conferred over the potential motion for
9  judicial notice, but Federal Defendants could not consent to the Plaintiffs' request.  *Id.*  The
10 parties sought additional time from the Court to continue discussions before submitting a
11 proposed summary judgment briefing schedule.  ECF No. 34 (filed September 8, 2023).  On
12 September 13, 2023, for the first time, Plaintiffs informed the Federal Defendants that they
13 would seek to introduce the three documents they had initially sought judicial notice of and one
14 added document—a NMFS press release—under the theory that review of their ESA claim is not
15 limited to the Administrative Record.  Smith Decl. Ex. 1.  Under the scheduling order adopted by
16 the Court, "if the Parties cannot resolve disputes regarding such extra-record documents
17 Plaintiffs propose for consideration by the Court in adjudicating the ESA claim, Defendants will
18 file a motion to resolve any such disputes."  ECF No. 30 at 3.  Federal Defendants therefore
19 submit this motion to limit review to the Administrative Record.

20                                **ARGUMENT**

21  **A. Plaintiffs' Claims Are Subject to the Scope and Standard of Review of the APA**

22      "[T]he Supreme Court has expressed a general rule that courts reviewing an agency
23  decision are limited to the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1029

24

3

Defendants' Motion to Limit Review	United States Department of Justice
to the Administrative Record	P.O. Box 7611, Washington D.C. 20044
Case No. 2:22-CV-01627-KKE	(202) 598-6925

(9th Cir. 2005); *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (collecting cases). This rule exists for good reason—it "ensures that the reviewing court affords sufficient deference to the agency's action." *Id*. Because all of Plaintiffs' claims in this case are governed by the APA scope and standard of review, this Court's role is to determine whether the agencies' action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In carrying out this role, Congress has directed that this Court "shall" consider the administrative records proffered by the defendant agencies. *Id*. § 706. Congress has made no provision for generation of extra-record evidence. Indeed, in APA record-review cases such as this, "there are no disputed facts that the district court must resolve." *Occidental Eng'r Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). Rather, the Court's role "is to determine whether or not as a matter of law the evidence *in the administrative record* permitted the agency to make the decision it did." *Id*. (emphasis added).

The ESA provides a citizen-suit provision that authorizes a civil suit "to enjoin any person, including the United States . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A). This provision allows judicial review of claims against agencies alleged to have violated the ESA. *See Bennett v. Spear*, 520 U.S. 154, 174 (1997). After passage of the ESA, plaintiffs unsuccessfully argued that the citizen-suit provision eliminated the APA's deferential standard of review based on the agency's administrative record. This theory was first rejected in *Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*, 685 F.2d 678, 685 (D.C. Cir. 1982). There, the court declined to adopt the plaintiffs' contention that the ESA's citizen suit provision provided for de novo review, instead applying the rule that "in cases where Congress has simply provided for review, without setting forth the standards to be used or the

4

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

procedures to be followed, . . . consideration is to be confined to the administrative record and that no de novo proceeding may be held." (*quoting United States v. Carlo Bianchi & Co.*, 373 U.S. 709 (1963)).[1]

The Ninth Circuit joined the D.C. Circuit and repeatedly held that the APA provides the judicial review standards that the ESA does not. *See, e.g.*, *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014) ("Neither the ESA nor NEPA supply a separate standard for our review, so we review claims under these Acts under the standards of the APA"); *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 994 ("The ESA does not provide its own standard of judicial review, so we evaluate the [biological opinion] under the APA's arbitrary or capricious standard."); *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016 (9th Cir. 2012) ("We review Reclamation and FWS's compliance with the ESA . . . under the standard set forth in the APA") (citation omitted); *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 383 F.3d 1082, 1086 (9th Cir. 2004) ("Because neither NEPA nor the ESA contains an express provision for judicial review, our review of agency decision-making under these statutes is governed by the judicial review provisions of the Administrative Procedure Act. 5 U.S.C. § 706(2)(A)"); *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2004) ("NEPA and ESA compliance is reviewed under the [APA], 5 U.S.C. § 706 et seq.") (citations omitted); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1205 (9th Cir. 2004) ("Because the statutes under which Sausalito seeks to challenge administrative action [including the ESA] do not contain separate provisions for judicial review,

---

[1] This is also the rule in the Tenth Circuit. *Rio Grande Silvery Minnow v. U.S. Bureau of Reclamation*, 601 F.3d 1096, 1105 n.3 (10th Cir. 2010) ("The APA governs judicial review of agency action challenged through the ESA citizen-suit provision").

5

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

our review is governed by the APA"); *Turtle Island Restoration Network v. NMFS*, 340 F.3d 969, 973 (9th Cir. 2003) ("Judicial review of administrative decisions under the ESA is governed by Section 706 of the [APA]."); *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1235 (9th Cir. 2001) ("Judicial review of administrative decisions involving the ESA is governed by section 706 of the APA."); *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990) ("Judicial review of administrative decisions involving the ESA is governed by section 706 of the [APA]."); *Sierra Club v. Marsh*, 816 F.2d 1376, 1385-87 (9th Cir. 1987) (reviewing ESA citizen-suit claim under APA's scope and standard of review); *Vill. of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984) ("Because ESA contains no internal standard of review, section 706 of the [APA], 5 U.S.C. § 706, governs review of the Secretary's actions."). This line of cases was recently reaffirmed by the en banc court. In *Karuk Tribe of California v. United States Forest Service*, 681 F.3d 1006 (9th Cir. 2012) (*en banc*), the plaintiff brought an ESA claim against an action agency under the ESA's citizen-suit provision. Though it was an ESA citizen-suit case, the Ninth Circuit expressly noted that the action agency's "compliance with the ESA is reviewed under the [APA]" and that, "[b]ecause this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." *Id.* at 1017 (citations omitted). The en banc panel's ruling in *Karuk Tribe* should resolve Plaintiffs' request to introduce extra-record evidence here.

In sum, controlling Supreme Court and Ninth Circuit authority require that this Court use the APA's standards when resolving all of Plaintiffs' claims, including their ESA claim. The APA standards do not permit the introduction of extra-record evidence absent the application of a limited exception not applicable here. *See Lands Council*, 395 F.3d at 1029.

6

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

**B. The APA's Scope of Review Applies.**

In the APA, Congress expressly directed that, in making the necessary determinations in cases authorized for review, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. In the seminal case of *Vermont Yankee Nuclear Power Corp. v. Natural Resources Def. Council*, 435 U.S. 519 (1978), the Supreme Court emphasized that judicial review under the APA is ordinarily limited to the administrative record compiled by the agency. *Id.* at 549 (relying on *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam)); *see also Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) (noting "review is to be based on the full administrative record that was before the Secretary at the time he made his decision") (footnote omitted).

The Ninth Circuit has similarly recognized that "[w]hen a plaintiff challenges a final agency action, judicial review normally is limited to the administrative record in existence at the time of the agency's decision." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000). More recently, the Ninth Circuit admonished a district court, in companion ESA rulings, for allowing and considering extra-record declarations when the plaintiffs had asserted both APA claims against the consulting agency and ESA citizen-suit claims against the action agency. *Jewell*, 747 F.3d at 601-04; *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 991-93, 996, 999-1000, 1009. In a lengthy discussion, the Ninth Circuit reminded district courts that judicial review in that class of cases "is limited to 'the administrative record already in existence, not some new record made initially in the reviewing court.'" *Jewell*, 747 F.3d at 602 (*quoting Camp*, 411 U.S. at 142). The Ninth Circuit explained that "[t]here is a danger when a reviewing court goes beyond the record before the agency," because "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its

7

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

judgment for that of the agency." *Id.* at 602 (citations omitted). The Ninth Circuit has further explained that limiting review to the facts in existence at the time of the agency's decision also prevents improper consideration of "[p]ostdecision information . . . as a new rationalization either for sustaining or attacking an agency's decision." *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 384 F.3d 1163, 1176 n.16 (9th Cir. 2004) (citation omitted).

Plaintiffs may argue that this Court can apply only the APA's standard of review to their ESA claim, and not its scope of review, as some district courts have opined. But such a distinction conflicts with the plain language of the APA and controlling precedent that a reviewing court cannot properly apply the APA's standard of review if it does not adhere to its scope of review. This is because the APA contains both a standard and a scope of judicial review. The plain language of the APA states:

> [STANDARD OF REVIEW:] [T]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . .
>
> [SCOPE OF REVIEW:] *In making the foregoing determinations*, the court shall review the whole record or those parts of it cited by a party.

5 U.S.C. § 706 (emphasis added).

A court does not follow this direction if it determines whether the challenged agency action is arbitrary and capricious or not in accordance with law based on extra-record evidence. And ESA citizen-suit claims are no exception, as other courts have held. *See, e.g.*, *350 Mont. v. Bernhardt*, 443 F. Supp. 3d 1185, 1201 (D. Mont. 2020); *Pac. Rivers Council v. Shepard*, No. 03:11-CV-442-HU, 2012 WL 950032, at *3 (D. Or. Mar. 20, 2012) (finding "the APA standard of review governs a plaintiff's citizen suit for failure to consult under ESA § 7," reciting the APA's scope of review, and noting "[t]he ESA citizen-suit provision does not provide

Defendants' Motion to Limit Review  
to the Administrative Record  
Case No. 2:22-CV-01627-KKE

United States Department of Justice  
P.O. Box 7611, Washington D.C. 20044  
(202) 598-6925

otherwise."). These cases accord with controlling Supreme Court precedent that has expressly stated that, in applying the APA's arbitrary and capricious standard, "the focal point for judicial review should be the administrative record already in existence, *not some new record made initially in the reviewing court.*" *Camp*, 411 U.S. at 142 (emphasis added); *Overton Park*, 401 U.S. at 416-20; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).

### C. *Karuk Tribe* Is the Law of this Circuit, Consistent with Supreme Court Authority and More than Three Decades of Ninth Circuit Authority

Plaintiffs informed the Federal Defendants that they plan to argue that judicial review of their ESA claim is not limited to the administrative record. Ex. 1. Plaintiffs' theory relies on an overly broad reading of the Ninth Circuit's decisions in *Washington Toxics Coalition v. EPA*, 413 F.3d 1024 (9th Cir. 2005), and *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 476 (9th Cir. 2011). At the outset, *Karuk Tribe*, 681 F.3d 1006, as an en banc decision, provides the controlling law of this Circuit and should resolve any reliance by Plaintiffs on *Washington Toxics* or *Kraayenbrink* (which also predate *Karuk Tribe*). In fact, *Karuk Tribe* agreed with at least eleven Ninth Circuit rulings that ESA claims are governed by the APA's standards, as noted above. As neither *Washington Toxics* nor *Kraayenbrink* were decided en banc, even if one or both decisions had held that ESA citizen-suit claims are not governed by the APA's standards, which they do not, neither decision could overrule the 35 years of contrary Ninth Circuit authority. *See In re Osborne*, 76 F.3d 306, 309 (9th Cir. 1996) (per curiam) (a panel of the Ninth Circuit "may not overrule a decision of a previous panel; only a court in banc has such authority") (citation omitted).

In any event, the Ninth Circuit did not rule in either *Washington Toxics* or *Kraayenbrink* that ESA citizen-suit claims are not record review claims. Indeed, it is inconceivable that the

9

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

panel in either *Washington Toxics* or *Kraayenbrink* would have attempted to overrule more than three decades of contrary Ninth Circuit precedent and create a split with the Tenth and D.C. Circuits, without even mentioning a single one of those decisions, or a single Supreme Court authority on record review. In *Washington Toxics*, the court considered whether the plaintiffs had stated a claim upon which relief could be granted under the ESA citizen-suit provision. A defense had been raised that the plaintiffs had not stated a claim because they had not identified a discrete "agency action" that triggered the consultation requirement of ESA Section 7, but were attempting to assert an improper programmatic attack on the Environmental Protection Agency's ("EPA's") pesticide registration program for alleged failure to consult. The Ninth Circuit rejected the defense, finding that the plaintiffs had, in fact, stated a claim that EPA had violated ESA Section 7(a)(2), which could be brought under the ESA's citizen-suit provision. Because the court found that the ESA authorized review of the claim, it found that the APA did not. *Wash. Toxics*, 413 F.3d at 1034. The court noted that "suits to compel [action] agencies to comply with the substantive provisions of the ESA arise under the ESA citizen suit provision, and not the APA." *Id*. That statement did not break new ground. It is consistent with the Supreme Court's holding in *Bennett* and the plain language of the APA, which states that it authorizes review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704 (emphasis added). In short, *Washington Toxics'* holding that an alleged violation of the ESA by an action agency is authorized for review under the ESA's citizen-suit provision, and not the APA's waiver of immunity, is unremarkable. Washington *Toxics* did not consider the scope of review for ESA claims *at all*.

*Kraayenbrink* involved the Secretary of the Interior's issuance of amendments to the Bureau of Land Management's ("BLM's") grazing regulations. *W. Watersheds Project*, 632

10

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

F.3d at 476. Plaintiffs in that case successfully challenged the amendments on ESA grounds, among others. *Id*. BLM did not appeal the district court's decision. *Id*. But intervenor-defendants pressed on with the appeal, even in the absence of the agency, which had accepted the district court's remand. *Id*. In their prosecution of the appeal, intervenor-defendants argued that the district court had impermissibly admitted extra-record declarations submitted by the plaintiffs. The *Kraayenbrink* court correctly noted that "[b]ecause ESA contains no internal standard of review, section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, governs review . . . ." *Id*. at 496 (quoting *Vill. of False Pass*, 733 F.2d at 609–10). The court added, however, that, along with considering the administrative record, "we may consider evidence outside the administrative record." *Id*. at 497. Specifically, the court approved of the district court's consideration of extra-record declarations submitted by the plaintiff together with the administrative record because they showed information that "the [agency] failed to consider." *Id*. at 498. The consideration of these extra-record declarations accords with one of the four narrow exceptions to the APA's whole record rule that have been recognized by the Ninth Circuit for at least 25 years—materials necessary to determine whether the agency has considered all relevant factors and has explained its decision. *See, e.g.*, *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); *see also Camp*, 411 U.S. at 142–43; *Friends of the Payette v. Horseshoe Bend Hydroelec. Co.*, 988 F.2d 989, 997 (9th Cir. 1993).

It is true that some district courts and even a panel of the Ninth Circuit have relied on the out-of-context statement in *Kraayenbrink* for the proposition that the normal rules of administrative record review do not apply when courts review cases brought under the ESA's citizen suit provision. *See Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 966 F.3d 893, 926

11

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

n.11 (9th Cir. 2020).[2]  But *Kraayenbrink* cannot stand for this proposition—such an interpretation would entail overturning 35 years of controlling law and ignore the later en banc ruling in *Karuk Tribe*, 681 F.3d at 1017.

*Kraayenbrink* cites a single authority for its administrative record holding: *Washington Toxics*.  Instead, as a court in this District has held "[i]n both *Kraayenbrink* and *Washington Toxics*, the issue before the Ninth Circuit was whether the district court had properly allowed the parties to *supplement* the record with expert opinions and studies." *Sierra Club v. McLerran*, No. C11-1759RSL, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012) (emphasis added).  "While the Ninth Circuit ratified the district courts' use of discretion in those cases to supplement the record, it is a far cry to state that those cases require a district court to engage in de novo review of the record, or that the APA's standards are inapt guidelines." *Id*.  Understood in the proper context, *Kraayenbrink* simply stands for the unremarkable proposition that a district court may allow supplementation of the record under the recognized exceptions to the record review rule articulated in *Lands Council*, 395 F.3d at 1029.

**D.  The Court Should Not Exercise its Discretion to Supplement Here.**

This Court should not exercise its discretion to supplement the record with the documents offered by the Plaintiffs.  First, during the lengthy conferral over the contents of the administrative record and the potential admission of any extra-record document, Plaintiffs never suggested that one of the four exceptions to administrative record review applied.  Smith Decl., Ex. 1.  Any such argument should be deemed waived.

---

[2] In *Nat'l Fam. Farm Coal.*, 966 F.3d at 926 n.11, the court made its statement about the scope of review sua sponte, without any briefing from the parties.  Such a brief statement cannot overrule the earlier rulings of the Ninth Circuit, the en banc court, or the Supreme Court.

12

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

Furthermore, the documents put forward by Plaintiffs are not appropriate for supplementation or consideration even if they were timely raised. First, Plaintiffs ask for admission of a 2014 biological opinion prepared by NMFS on a *different* nationwide permit rulemaking and a press release issued by the NMFS. Ex. 1. Both these documents were available during the comment period on the Corps' proposed rule for NWP 56. If Plaintiffs believed these documents were relevant to the Corps' consideration of NWP 56, they could have submitted them to the Corps during the notice and comment rulemaking. They did not. Plaintiffs should not now have the opportunity to ask the Court to review the Corps' decision based on evidence they failed to provide to the Corps when they had the opportunity. In addition, under Federal Rule of Evidence 402, Plaintiff must, at a minimum, demonstrate that the evidence they offer is relevant. A decade-old biological opinion for an entirely different permit and a press release cannot meet the relevancy standard.

Second, the remaining two documents (atlases issued by NMFS) postdate the Corps' decision on NWP 56. These documents were unavailable for consideration by the Corps and therefore cannot serve as the basis for a ruling on whether the Corps' decision was arbitrary and capricious. They cannot meet the test for relevancy nor are they an appropriate basis for reaching a decision under the APA.

## CONCLUSION

For the foregoing reasons, the Court should issue an order confirming that its review will be limited the administrative record previously lodged by the Corps.

Dated: September 27, 2023               Respectfully submitted,

                                        TODD KIM

13

Defendants' Motion to Limit Review                      United States Department of Justice
to the Administrative Record                            P.O. Box 7611, Washington D.C. 20044
Case No. 2:22-CV-01627-KKE                              (202) 598-6925

Assistant Attorney General
Environment & Natural Resources Division

*/s/ Maggie Baker Smith*
MAGGIE BAKER SMITH
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
7600 Sand Point Way, NE
Seattle, Washington 98155
(202) 598-3088
maggie.smith@usdoj.gov

FREDERICK H. TURNER
Senior Trial Attorney
AMANDA M. STONER
JEFFREY HAMMONS
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 305-0641 (Turner)
(202) 598-0881 (Stoner)
(202) 598-6925 (Hammons)
frederick.turner@usdoj.gov
amanda.stoner@usdoj.gov
jeffrey.hammons@usdoj.gov

*Attorneys for Defendants*

## WORD COUNT CERTIFICATION

I certify that this memorandum contains 4,112 words, in compliance with the Local Civil Rules.

*/s/ Maggie Baker Smith*

MAGGIE BAKER SMITH

14

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel of record using the CM/ECF system on September 27, 2023.

/s/      Maggie B. Smith

Defendants' Motion to Limit Review
to the Administrative Record
Case No. 2:22-CV-01627-KKE

United States Department of Justice
P.O. Box 7611, Washington D.C. 20044
(202) 598-6925