UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DON'T CAGE OUR OCEANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants. | CASE NO. C22-1627-KKE <br><br> ORDER DENYING DEFENDANTS' MOTION TO LIMIT THE SCOPE OF REVIEW |

This matter comes before the Court on Defendants' motion to limit judicial review to the administrative record. Dkt. No. 39. For the following reasons, the Court denies the motion.

Plaintiffs contend that Defendant U.S. Army Corps of Engineers' issuance of Nationwide Permit 56, which authorizes commercial finfish mariculture facilities to place structures or perform work in navigable waters of the United States, violates several statutes as well as the property clause of the United States Constitution. *See* Dkt. No. 29 at 2. The parties agree that the Court's review of the agency decision is subject to an "arbitrary and capricious" standard of review. *See* Dkt. No. 30 at 4, Dkt. No. 41 at 2. The parties also agree that most of the statutory claims and constitutional claims should be decided based on the Court's review of the administrative record

ORDER - 1

that was before the agency decisionmaker at the time of the challenged agency action. *See* Dkt. No. 29 at 2 (citing 5 U.S.C. § 706).

The parties disagree, however, as to the scope of judicial review on Plaintiffs' Endangered Species Act ("ESA") claim, which is brought under the ESA's citizen-suit provision (16 U.S.C. § 1540(g)(1)). Plaintiffs contend (Dkt. No. 41) that the Court's review of their ESA citizen-suit claim need not be strictly limited to the administrative record, while Defendants argue (Dkt. No. 39) that the documents Plaintiffs intend to introduce do not fall into the well-established, narrow exceptions to the general rule against considering extra-record evidence in actions reviewing an agency decision pursuant to the Administrative Procedure Act ("APA"). On this issue, Plaintiffs have the better argument.

The Ninth Circuit has distinguished between the *standard of review* borrowed from the APA and applied to ESA claims, and the *scope of review* in ESA citizen-suit cases. *See W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011), *abrogated on other grounds as recognized in Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1089 (9th Cir. 2015). With respect to the latter, the Court explained that extra-record evidence may be considered in certain limited circumstances:

> As we explained in [*Washington Toxics Coalition v. Environmental Protection Agency*, 413 F.3d 1024, 1034 (9th Cir. 2005)] the APA applies only where there is "no other adequate remedy in a court," 5 U.S.C. § 704, and – because the ESA provides a citizen suit remedy – the APA does not apply in such actions. Therefore, under *Washington Toxics Coalition* we may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim.

*Id.* Contrary to Defendants' claims, *Karuk Tribe of California v. U.S. Forest Service*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc), did not change this outcome. In *Karuk Tribe*, the en banc Court recited the familiar APA standard of review applicable to ESA cases but did not otherwise discuss whether the scope of judicial review of an ESA citizen-suit claim is limited to the

ORDER - 2

administrative record. *Id*. ("Because this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record."). Nor did *Karuk Tribe* discuss either *Kraayenbrink* or *Washington Toxics Coalition* with respect to this issue, let alone expressly overrule them on this point.

Furthermore, the Ninth Circuit has again recently reaffirmed that extra-record evidence may be considered in an ESA citizen suit. *See Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 966 F.3d 893, 926 & n.11 (9th Cir. 2020) ("Although the Interim Report is not in the administrative record, we can consider it 'for the limited purpose[] of reviewing [Petitioners'] ESA claim.'" (quoting *Kraayenbrink*, 632 F.3d at 497)). Defendants attempt to distinguish *National Family Farm Coalition* on the grounds that the scope of review was addressed *sua sponte*, without the benefit of the parties' briefing. Dkt. No. 39 at 12 n.2. Contrary to Defendants' claim, however, *National Family Farm Coalition* does not purport to "overrule" other Ninth Circuit authority; it instead explicitly relies upon and quotes *Kraayenbrink* to explain its consideration of extra-record evidence in reviewing an ESA claim. *See* 966 F.3d at 926 n.11.

Thus, the Court rejects Defendants' argument that binding Ninth Circuit authority strictly limits the Court's review to the administrative record in this case. Although the Court's review may not necessarily be confined to the administrative record, the Court must nonetheless scrutinize any attempt to introduce extra-record evidence. The Court will consider only relevant, admissible evidence, with only limited latitude to consider evidence post-dating the challenged agency decision in resolving the dispositive motion(s) filed in this case. *See, e.g.*, *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1219-23 (D. Ida. 2021). The Court will not take judicial notice of government documents for the truth of the matter asserted when the facts are in dispute. *Id*. Because the Court cannot determine without briefing from the parties whether the

extra-record documents that Plaintiffs seek to introduce comport with these guidelines,[1] the Court will address any concerns related to the extra-record evidence in the context of resolving the anticipated dispositive motion(s) and/or a motion to supplement the record.

For these reasons, the Court DENIES Defendants' motion. Dkt. No. 39.

Dated this 20th day of October, 2023.

Kymberly K. Evanson
United States District Judge

---

[1] Defendants attached to their motion an e-mail conversation between counsel identifying the extra-record evidence Plaintiffs wish to introduce and a brief explanation of the purpose for which those four documents would be introduced (Dkt. No. 39, Ex. 1), but the Court agrees with Defendants that at this juncture, "Plaintiffs have not provided any justification for why these four documents are relevant and necessary for the limited purposes of reviewing Plaintiffs' [ESA] claim." Dkt. No. 42 at 1.

ORDER - 4