UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DON'T CAGE OUR OCEANS, et al.,<br><br>           Plaintiff(s),<br>   v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>           Defendant(s). | CASE NO. C22-1627-KKE<br><br>ORDER ON REMEDY |

In the Court's order granting in part Plaintiffs' motion for summary judgment, finding Nationwide Permit ("NWP") 56 to be unlawful, the Court found that more information was needed to determine the appropriate remedy. Dkt. No. 71 at 23–25. The Court ordered the parties to meet and confer and propose a briefing schedule on remedy. *Id*. The parties complied with this instruction, and the briefing on remedy is complete. *See* Dkt. Nos. 75, 77, 79, 81, 83, 84.

Where a court finds an agency action to be unlawful, the presumptive remedy is a vacatur of the agency action. *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018). "Where a court holds an agency action unlawful, vacatur and remand is the default remedy under the [Administrative Procedure Act], but the court retains equitable discretion in 'limited circumstances' to remand a decision without vacatur while the agency corrects its errors." *Mont. Wildlife Fed. v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025) (quoting *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015)). In considering whether vacatur is appropriate, a court

ORDER ON REMEDY - 1

must balance the seriousness of the agency's errors against the "disruptive consequences" of a vacatur. *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

During the parties' meet and confer, Defendants disclosed that six projects have been approved under NWP 56 and that no pre-construction notices are pending. Dkt. No. 79 at 9–10. With that context in mind, Plaintiffs request a prospective vacatur only, meaning that the six existing verifications may remain in place and any future projects must undergo individual permitting rather than approval via NWP 56. Dkt. No. 81 at 8, 16. Dkt. No. 84 at 6 n.7.

Defendants, on the other hand, contend that remand without vacatur is the appropriate remedy. Dkt. No. 79 at 11. Specifically, Defendants suggest that a prospective vacatur requiring individual permitting would be "needlessly disruptive" to potential "proponents of prospective projects to be located far away from where Plaintiffs' members reside, work, travel, or recreate, as such project proponents may need to apply for individual permits—even for activities that could not conceivably cause Plaintiffs harm." Dkt. No. 83 at 6.

The Court finds that any potential disruption of this sort is not "needless"; in fact, requiring future permits to be approved individually (rather than via NWP 56) would alleviate some of the Court's concerns as described in the summary judgment order. *See* Dkt. No. 71 at 17–18. And, as Plaintiffs note, because NWP 56 is scheduled to expire in 2026 in any event, "any economic reliance interests on the current nationwide permit would be short-lived regardless of vacatur." Dkt. No. 84 at 6 n.8. Because no economic or environmental disruption to current facilities would result from a prospective vacatur, and because any disruption to future facilities is speculative and minimized by the upcoming expiration of NWP 56, the Court finds that this is not one of the "limited circumstances" where remand without vacatur is warranted. Although Defendants question (Dkt. Nos. 79, 83) whether the errors identified by the Court are sufficiently serious as to

ORDER ON REMEDY - 2

warrant vacatur, and/or whether the Court correctly found that Plaintiffs had standing to bring this action, the Court's prior order finding NWP 56 unlawful is nonetheless the law of the case.

As to the narrow issue remaining to be resolved—the appropriate remedy for the unlawful agency action—the Court finds that the prospective vacatur as of the date of this order, as requested by Plaintiffs, is the appropriate remedy. The Court will enter judgment in accordance with this order and thereafter this case will be administratively closed.

Dated this 17th day of March, 2025.

Kymberly K. Evanson
United States District Judge